UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOYCE DE LA ROSA                                             **CV**

                              Plaintiff,

          v.                                                 **COMPLAINT**

FC EIGHTH AVE., LLC, SCHNIPPER                               **JURY TRIAL REQUESTED**
RESTAURANTS LLC AND SRG1, LLC

                              Defendants.
-------------------------------------------------------------x

## COMPLAINT

Plaintiff Joyce De La Rosa (hereafter referred to as "plaintiff"), by counsel, Parker

Hanski LLC, as and for the Complaint in this action against Defendants FC Eighth Ave., LLC,

Schnipper Restaurants LLC and SRG1, LLC (together referred to as "defendants") hereby alleges

as follows:

## NATURE OF THE CLAIMS

1.      This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination

by the defendants.  In this action, plaintiff seeks declaratory, injunctive and equitable relief, as

well as monetary damages and attorneys' fees, costs and expenses to redress defendants'

unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with

Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations, the New

York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law, §

40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

Plaintiff also alleges claims for Negligence.  As explained more fully below, defendants own,

lease, lease to, operate and control a place of public accommodation that violates the above-

1

mentioned laws.  Each of the defendants is vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These defendants made a financial decision to ignore and violate the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for defendants to accept responsibility.  This action seeks to right that wrong via recompensing plaintiff and making defendants' place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that are the subject of this action are located in this district.

## PARTIES

5.      At all times relevant to this action, plaintiff Joyce De La Rosa has been and remains currently a resident of the State and City of New York.

6.      At all times relevant to this action, plaintiff Joyce De La Rosa has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.      Defendant FC Eighth Ave., LLC owns the property located at 620 Eighth Avenue in New York County, New York (hereinafter referred to as "620 Eighth Avenue").

8.      Defendant FC Eighth Ave., LLC is licensed to do and does business in New York State.  Defendants Schnipper Restaurants LLC, and SRG1, LLC are licensed to do and do business in New York State.

9.      At all relevant times, defendants Schnipper Restaurants LLC, and SRG1, LLC operate and/or lease property located at 620 Eighth Avenue from defendant FC Eighth Ave., LLC (hereinafter referred to as the "Schnipper's Quality Kitchen premises").

10.     Defendants Schnipper Restaurants LLC, and SRG1, LLC operate and control the Schnipper's Quality Kitchen premises as a joint or unified enterprise.

11.     Defendants Schnipper Restaurants LLC, and SRG1, LLC have a unity of interest and ownership between them.

12.     Upon information and belief, FC Eighth Ave., LLC and Schnipper Restaurants LLC, and SRG1, LLC have a written lease agreement(s).

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.     Each of the defendants are public accommodations as they own, lease, lease to, control or operate a place of public accommodation, the Schnipper's Quality Kitchen premises located at 620 Eighth Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

3

14.    The Schnipper's Quality Kitchen premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as their facilities are operated by a private entity as a retail establishment, and their operations affect commerce.

15.    Numerous architectural barriers exist at defendants' place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

16.    620 Eighth Avenue was designed and constructed for first possession after January 26, 1993.

17.    At some time after January 1992, FC Eighth Ave., LLC made alterations to 620 Eighth Avenue, including areas adjacent and/or attached to 620 Eighth Avenue.

18.    At some time after January 1992, FC Eighth Ave., LLC made alterations to the Schnipper's Quality Kitchen premises, and to areas of 620 Eighth Avenue related to the Schnipper's Quality Kitchen premises.

19.    At some time after January 1992, defendants altered the primary function areas of the Schnipper's Quality Kitchen premises and 620 Eighth Avenue that relate to the Schnipper's Quality Kitchen premises.

20.    Since the effective date of § 27-292 of the Administrative Code (also known as "Local Law 58"), defendants have constructed and/or made alterations to the Schnipper's Quality Kitchen premises, and to areas of 620 Eighth Avenue related to the Schnipper's Quality Kitchen premises.

21.    Within the past three years of filing this action, plaintiff attempted to and desired to access the Schnipper's Quality Kitchen premises.

22.     The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

23.     The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Administrative Code § 27-292 *et. seq.* and the accessibility provisions of the Building Code of the City of New York ("BCCNY").

24.     Because of defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, plaintiff was and has been unable to enjoy safe, equal and complete access to defendants' place of public accommodation.

25.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, or the BCCNY.

26.     As shown by the picture below, defendants' public accommodation openly discriminates against the disabled by having internal steps separate the portion of the public accommodation where food is purchased to the portion where the dining, beverage dispensers and bathrooms are located.



28.     Barriers to access that plaintiff encountered and/or which exist at the defendants'

place of public accommodation include, but are not limited to, the barriers identified below, and

result from:

I.    Defendants fail to provide an interior accessible route to each portion of the public
      accommodation that connects to the entrances because internal steps separate the portion
      of the public accommodation where food is purchased from the portion where the dining,
      beverage dispensers and bathrooms are located. See 1991 Standards 4.1.2(2); 2010
      Standards 206.2.4; and BCCNY 1104.3.

II.   Defendants fail to provide an accessible route to each level required to be accessible. See
      1991 Standards 4.1.3(5); 2010 Standards 206.2.3; and BCCNY 1104.4.

III.  Defendants fail to provide an accessible route that coincides with the general circulation
      path.  See 1991 Standards 4.3.2(1); 2010 Standards 206.3; and BCCNY 1104.5.

IV.   Defendants fail to provide an accessible route of at least 36 inches. See 1991 Standards
      4.3.3; 2010 Standards 403.5.1; and BCCNY ANSI/A117.1 -2003 403.5.

V.    Defendants fail to provide the minimum required maneuvering clearances from which to
      make a 180-degree turn around an element along the accessible route.  See 1991
      Standards 4.3.3; 2010 Standards 403.5.2; and BCCNY ANSI/A117.1 -2003 403.5.1.

VI.   Defendants fail to provide a passing space or turning space every 200 feet where the
      route is less than 60 inches in width.  See 1991 Standards 4.3.4; 2010 Standards 403.5.3;
      and BCCNY ANSI/A117.1 -2003 403.5.2.

VII.  Defendants fail to provide accessible routes that are stable, firm and slip resistant.  See
      1991 Standards 4.5.1; 2010 Standards 302.1; and BCCNY ANSI/A117.1 -2003 302.1

VIII. Defendants fail to provide accessible routes without vertical changes in level of 1/4 inch
      high maximum. See 1991 Standards 4.5.2; 2010 Standards 303.2; and BCCNY
      ANSI/A117.1 -2003 303.2.

IX.   Defendants fail to provide accessible means of egress in the number required by the code.
      See 1991 Standards 4.1.3(9); 2010 Standards 207.1; and BCCNY 1007.1.

X.    At entrance doors, Defendants fail to provide level maneuvering clearances without any
      changes in level.  See 1991 Standards 4.13.6; 2010 Standards 404.2.4.4; and BCNYC
      ANSI/A117.1 -2003 404.2.3.

XI.   At interior doors, Defendants fail to provide level maneuvering clearances without any
      changes in level.  See 1991 Standards 4.13.6; 2010 Standards 404.2.4.4; and BCNYC
      ANSI/A117.1 -2003 404.2.3.

XII.   At exit doors, Defendants fail to provide level maneuvering clearances without any changes in level.  See 1991 Standards 4.13.6; 2010 Standards 404.2.4.4; and BCNYC ANSI/A117.1 -2003 404.2.3.

XIII.   At two doors in a series (or a vestibule), Defendants fail to provide a level floor area that is 48 inches between the two doors plus the width of doors swinging into the space. See 1991 Standards 4.13.7; and 2010 Standards 404.2.6.

XIV.   At two doors in a series (or a vestibule), Defendants fail to provide a level tuning space between the two doors. See BCCNY ANSI/A117.1 -2003 404.2.5.

XV.   At entrance doors, Defendants fail to provide a door that requires less than eight and one half pounds of force to open.  Any door so heavy that it prevents entrance by people with disabilities may deny them access to goods and services, which is covered under the ADA. See 1991 Standards 4.1.1(1); and 2010 Standards 201.1.

XVI.   At interior doors, Defendants fail to provide doors that require less than five pounds of force to open.  See 1991 Standards 4.13.11; 2010 Standards 404.2.9; and BCCNY ANSI/A117.1 -2003 404.2.8.

XVII.   Defendants fail to provide that dispensing devices for tableware, dishware, condiments, food and beverages are within accessible reach ranges at accessible food service lines. See 1991 Standards 5.6; 2010 Standards 904.5.1; and BCCNY ANSI/A117.1 -2003 904.5.1.

XVIII.   Defendants fail to provide that at least 5% of the table surfaces provided to customers is accessible.  See 1991 Standard 4.1.3(18); 2010 Standards 226; and BCCNY 1109.11.

XIX.   Defendants fail to provide that accessible table surfaces provided to customers are dispersed throughout the facility.  See 1991 Standard 5.1; 2010 Standards 226; and BCCNY 1109.11.

XX.   Defendants fail to provide an accessible route to and from accessible table surfaces.  See 1991 Standards 4.1.2(2); 2010 Standards 206.2.2; and BCCNY 1104.3.

XXI.   Because of table pedestals and/or table legs, defendants fail to provide a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible table surfaces. See 1991 Standards 4.32.2 and 4.32.3; 2010 Standards 902.2; and BCCNY ANSI/A117.1 -2003 902.2.

XXII.   Because of chairs, defendants fail to provide a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible table surfaces. See 1991 Standards 4.32.2 and 4.32.3; 2010 Standards 902.2; and BCCNY ANSI/A117.1 -2003 902.2.

XXIII.  Defendants fail to provide surfaces at 28 inches minimum and 34 inches maximum above the finish floor at accessible table surfaces. See 1991 Standards 4.32.4; 2010 Standards 902.3; and BCCNY ANSI/A117.1 -2003 902.3.

XXIV.  Defendants fail to display the International Symbol of Accessibility at accessible seating. BCCNY 1110.1.9.

XXV.  Defendants fail to provide accessible toilet facilities.  See 1991 Standards 4.1.3(11); 2010 Standards 213.1; and BCCNY 1109.2.

XXVI.  Defendants fail to provide that each toilet room is accessible. See 1991 Standards 4.1.3(11); 2010 Standards 213.2; and BCCNY 1109.2.

XXVII.  Defendants fail to provide the required turning space within accessible toilet and bathing facilities. See 1991 Standards 4.23.3; 2010 Standards 603.2.1; and BCCNY ANSI/A117.1 -2003 603.2.1.

XXVIII.  Defendants fail to provide a clear floor space of 30 inches by 48 inches beyond the swing of the door within accessible toilet and bathing facilities. See 1991 Standards 4.23.2 and 4.23.3; 2010 Standards 603.2.3; and BCCNY ANSI/A117.1 -2003 603.2.3.

XXIX.  Defendants fail to provide at least one accessible lavatory within accessible toilet and bathing facilities.  See 1991 Standards 4.23.6; 2010 Standards 213.3.4; and BCCNY 1109.2.

XXX.  Defendants fail to provide an accessible route to and from accessible lavatories and/or sinks.  See 1991 Standards 4.1.2(2); 2010 Standards 206.2.2; and BCCNY 1104.3.

XXXI.  Defendants fail to provide accessible lavatories and/or sinks with a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance. See 1991 Standards 4.19.3 and 4.24.5; 2010 Standards 606.2; and BCCNY ANSI/A117.1 -2003 606.2.

XXXII.  Defendants fail to provide accessible lavatories and/or sinks with water supply and drain pipes that are insulated or otherwise configured to protect against contact. See 1991 Standards 4.19.4 and 4.24.6; 2010 Standards 606.5; and BCCNY ANSI/A117.1 -2003 606.6.

XXXIII.  Defendants fail to provide accessible lavatories and/or sinks with no sharp or abrasive surfaces. See 1991 Standards 4.19.4 and 4.24.6; 2010 Standards 606.5; and BCCNY ANSI/A117.1 -2003 606.6.

XXXIV.  Defendants fail to provide at least one accessible mirror within accessible toilet and bathing facilities. See 1991 Standards 4.23.6; 2010 Standards 213.3.5; and BCCNY 1109.2.

XXXV. Defendants fail to provide an accessible mirror (when located above lavatories or countertops) that is installed with the bottom edge of the reflecting surface 40 inches maximum above the finish within accessible toilet and bathing facilities. See 1991 Standards 4.19.6; 2010 Standards 603.3; and BCCNY ANSI/A117.1 -2003 603.3.

XXXVI. Defendants fail to provide at least one accessible coat hook and/or shelf within accessible toilet and bathing facilities. See 1991 Standards 4.23.7; 2010 Standards 213.3.7; and BCCNY 1109.2.

XXXVII. Defendants fail to provide a coat hooks or shelves within accessible toilet and bathing facilities that is within accessible reach ranges. See 1991 Standards 5.6 and 4.23.7; 2010 Standards 603.4; and BCCNY ANSI/A117.1 -2003 603.4.

29.    Upon information and belief, a full inspection of the defendants' place of public accommodation will reveal the existence of other barriers to access.

30.    Defendants' failure to make their place of public accommodation accessible denies plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

31.    As required by the ADA (remedial civil rights legislation) to properly remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of the defendants' public accommodation in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

32.    Defendants have endangered plaintiff's safety and denied plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

33.    Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws.  Nor

have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

34.     Defendants FC Eighth Ave., LLC have failed to ensure that their lessee's place of public accommodation and the elements therein are in compliance with the 1991 Standards or the 2010 Standards; the Administrative Code, and the BCCNY, including but not limited to ensuring the maintenance of accessible features.

35.     The barriers to access within defendants' place of public accommodation continue to exist.

36.     Plaintiff has a realistic, credible and continuing threat of discrimination from the defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within defendants' place of public accommodation continue to exist and deter plaintiff.

37.     Plaintiff frequently travels to the shopping area and neighborhood where defendants' place of public accommodation is located and patronizes places in the neighborhood.

38.     Plaintiff intends to patronize the defendants' place of public accommodation several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY.

39.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendants' place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY.

40.     Plaintiff intends to patronize the defendants' place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether defendants' place of

public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards, the Administrative Code, and the relevant accessibility portions of the BCCNY – all for the benefit of those similarly situated to plaintiff.

**FIRST CAUSE OF ACTION**
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

41.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

42.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

43.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

44.     Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

45.     Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled.  Defendants' policies and practices have disparately impacted plaintiff as well.

46.     By failing and refusing to comply with the law (ADA) in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

47.     Defendants have discriminated against the plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

48.     Defendants' place of public accommodation are not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

49.     Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

50.     Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

51.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make defendants' place of public accommodation fully accessible.

52.     By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

53.     In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

54.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

55.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, within the meaning of the ADA, FC Eighth Ave., LLC continuously controlled, managed and operated the public sidewalk abutting 620 Eighth Avenue, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

56.     FC Eighth Ave., LLC's failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the ADA.

57.     Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK STATE EXECUTIVE LAW)

58.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

59.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

60.     Defendants' have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

61.     Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the defendants have aided and abetted others in committing disability discrimination.

62.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

63.     In the alternative, defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

64.     It would be readily achievable to make defendants' place of public accommodation fully accessible.

65.     It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

66.     As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

67.     Plaintiff has suffered damages in the amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

68.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

69.     Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems - in particular, the life activity of both walking and body motion

range -and thus plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

70.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

71.     Defendants' have and continue to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the Administrative Code § 8-107(4).  Each of the defendants have aided and abetted others in committing disability discrimination.

72.     Defendants have discriminated, and continue to discriminate, against plaintiff in violation of the Administrative Code § 8-107(5)(b) by designing, creating and/or maintaining an inaccessible commercial facility/space.

73.     Defendants have subjected, and continue to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(5)(b).

74.     In violation of Administrative Code § 8-107(6), defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

75.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, FC Eighth Ave., LLC continuously controlled, managed and operated the public sidewalk abutting 620 Eighth Avenue, which includes the portion of the sidewalk constituting the entrance to defendants' place of public accommodation.

76.     FC Eighth Ave., LLC's failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

77.     Defendants discriminated against plaintiff in violation of the Administrative Code, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible public accommodation.

78.     As a direct and proximate result of defendants' unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

79.     Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

80.     By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

81.     Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which plaintiff is entitled to an award of punitive damages.  Administrative Code § 8-502.

82.     By refusing to make their place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

83.     Plaintiff has suffered damages in the amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

84.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

85.     Defendants discriminated against plaintiff pursuant to New York State Executive Law.

86.     Consequently, plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every barrier and violation.

87.     Notice of the defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

88.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

89.     Defendants negligently designed, constructed, operated, repaired and maintained their place of public accommodation located at 620 Eighth Avenue in a manner that has rendered their place of public accommodation unsafe to the disabled plaintiff.

90.      At all relevant times, defendants, who hold their property open to the public, have had a duty to patrons such as plaintiff to design, construct, operate, repair, and maintain their place of public accommodation located at 620 Eighth Avenue in a reasonably safe condition, including a duty to comply with the Administrative Code.

91.     Defendants breached their duty by negligently designing, constructing, operating, repairing and maintaining their place of public accommodation located at 620 Eighth Avenue in a manner that has unreasonably endangered the plaintiff's physical safety and caused plaintiff to fear for plaintiff's own safety.

92.     Defendants' failure to design, construct, operate, repair and maintain their place of public accommodation located at 620 Eighth Avenue in a manner that is safe to the disabled plaintiff has proximately caused plaintiff emotional distress.

93.     Defendants have had actual and constructive notice that their place of public accommodation located at 620 Eighth Avenue is not safe to the disabled.

94.     As a direct result of defendants' negligence, plaintiff has suffered and continues to suffer emotional distress damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

95.     Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

96.     Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

97.     Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

98.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEYS' FEES, EXPENSES AND COSTS

99.     In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorneys' fees, expenses and costs pursuant to the ADA and the Administrative Code.  42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that defendants' have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

B.  Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award plaintiff compensatory damages as a result of defendants' violations of New York State Executive Law and the Administrative Code of the City of New York;

E.  Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

F.  Award plaintiff monetary damages for each and every barrier and violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

H.  Find that plaintiff is a prevailing party in this litigation and award reasonable attorneys' fees, costs and expenses pursuant to the ADA; and

I.   For such other and further relief, at law or in equity, to which plaintiff may be

justly entitled.

Dated: February 10, 2016
          New York, New York

                                        Respectfully submitted,

                                        **PARKER HANSKI LLC**


                                        By:____/s_____
                                                Glen H. Parker, Esq.
                                                Adam S. Hanski, Esq.
                                                Robert G. Hanski, Esq.
                                                Attorneys for Plaintiff
                                                40 Worth Street, 10th Floor
                                                New York, New York 10013
                                                Telephone: (212) 248-7400
                                                Facsimile: (212) 248-5600
                                                Email:ash@parkerhanski.com
                                                Email:ghp@parkerhanski.com
                                                Email:rgh@parkerhanski.com